USDC SCAN INDEX SHEET

















SWD   5/4/05   15:12

3:05-CV-00935   MLR LLC V. KYOCERA WIRELESS

*1*

*TRANCS.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

MAY 2 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| MLR, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KYOCERA WIRELESS CORPORATION; | ) |
| NOVATEL WIRELESS, INC.; and | ) |
| SIERRA WIRELESS, INC., | ) |
| | ) |
| Defendants. | ) |

No. 04 C 7044

Judge John W. Darrah

'05 CV 0935 J      (AJB)

## MEMORANDUM OPINION AND ORDER

Plaintiff, MLR, LLC, filed suit in the United States District Court for the Northern District of Illinois against Defendants, Kyocera Wireless Corporation ("Kyocera"), Novatel Wireless, Inc. ("Novatel"), and Sierra Wireless, Inc. ("Sierra"), alleging patent infringement. Kyocera and Novatel have moved to transfer venue to the United States District Court for the Southern District of California. Sierra was added as a Defendant after the filing of the instant Motion to Transfer Venue to the Southern District of California.

A reading of the Amended Complaint and subsequent pleadings in this case supports the following summary of the alleged conduct of the parties.

MLR is a Virginia limited liability company conducting business in Florida and Virginia. MLR is the owner of eleven patents at issue in this case. Both Kyocera and Novatel are Delaware corporations headquartered in San Diego, California. MLR alleges that Kyocera, Novatel, and Sierra infringed on its patents, causing damage to MLR. Both Kyocera and Novatel have customers throughout the world, including the Northern District of Illinois. Executives from MLR, Kyocera, and Novatel, as well as third parties, are expected to testify at trial.

57

Kyocera and Novatel seek to have the present case transferred to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1404(a). In general, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing Co. v. LRP Publications, Inc.,* 992 F.Supp. 1014, 1017 (N.D.Ill. 1998) *(Law Bulletin)*. District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989).

Venue is proper in both the United States District Court for the Northern District of Illinois and the United States District Court for the Northern District of California. Defendants' products have been sold in Illinois and California; both Defendants operate their businesses in California. In a patent case, venue is proper in a district if that district can exercise personal jurisdiction over the defendant. *See VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1584 (Fed. Cir. 1990) (incorporating 28 U.S.C. §1391(c) into 28 U.S.C. §1400(b)).

When evaluating the relative convenience of the parties and witnesses, the court considers: (i) the plaintiff's initial forum choice, (ii) the convenience of the witnesses, (iii) the relative ease of access to other evidence, (iv) the situs of material events, and (v) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.,* 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) *(Amoco); Georgouses v. Natec Resources, Inc.,* 963 F. Supp. 728, 730 (N.D. Ill. 1997) *(Georgouses)*.

2

The plaintiff's initial choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. *Kamel v. Hill-Rom Company, Inc.,* 108 F.3d 799, 802 (7th Cir. 1997). However, there are other factors to consider; and the weight given to the plaintiff's choice of forum can vary, depending on the circumstances of each individual case. *Georgouses,* 963 F. Supp. at 730; *Law Bulletin,* 992 F. Supp. at 1017. For example, where the plaintiff's choice of forum is not the situs of the material events, plaintiff's choice of forum is entitled less deference. *See Heller Fin., Inc. v. Riverdale Auto Parts, Inc.,* 713 F. Supp. 1125, 1129 (N.D. Ill. 1989).

In the instant case, MLR chose to bring suit in the Northern District of Illinois. It has filed a previous case in this district where its lawyers are conveniently located. *See MLR v. US Robotics,* Case No. 02 C 2898. However, the situs of material events – the alleged infringement of the patents – occurred in California, where Kyocera, Novatel, and Sierra all conduct their businesses. Since deference is granted to MLR's initial forum choice, this factor weighs in favor of denying Defendants' Motion to Transfer. However, because none of the parties reside in the Northern District of Illinois and the situs of material events took place outside of Illinois, deference to MLR's choice of forum is diminished.

The convenience of the witnesses who will testify at trial is also a factor to consider in determining an appropriate forum. *Law Bulletin,* 992 F. Supp. at 1018. However, the Defendants will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience in testifying in the challenged forum. *Law Bulletin,* 992 F. Supp. at 1018. Courts go beyond simply looking at the number of witnesses and weighing the quality and nature of their proposed testimony. *Law Bulletin,* 992 F. Supp. at 1018. Defendants are obligated to specify particular witnesses to be called and explain the nature of their testimony. *Heller,* 883 F.2d at 1293.

In order to overcome the deference to the plaintiff's forum choice on the issue of witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to his case. *General Portland Cement Co. v. Perry*, 204 F.2d 316, 319 (7th Cir. 1953). As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily. Therefore, more attention should be paid to the location of the non-party witnesses and those witnesses not within the control of the parties. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002) (*Spherion*).

Kyocera and Novatel's principal places of business are in California. The Defendants' principal witnesses on the patent infringement claim would be from Southern California. These witnesses are also high-level executives for Kyocera and Novatel, and their testimony is expected to be highly pertinent to the relevant issues. In their initial disclosures, Defendants have identified seventeen of their former and current employees who may have information to support their claims or defenses, as well as specific topics of which that each person is likely to have knowledge. Such topics range from marketing, product design, software, sales support, pricing, and engineering issues. In addition to these 17 individuals, 350 authors of prior art publication and patents have been identified who may have discoverable information on the sole topic of prior art. Of the approximately 350 individuals, 32 are located in Illinois, and 28 are located in California. The others are scattered throughout the world, including England, Japan, and New York. No indication has been made as to which of the 350 individuals will actually be called to testify in this case. All or none of the 32 individuals in Illinois may be called to testify. It may be impossible to be able to determine which of the 350 individuals will be called to testify until after discovery has been completed. In the absence of any indication of which of the 350 third-party individuals will actually

4

be called to testify, the convenience of the third-party witnesses cannot accurately be measured. However, the seventten individuals named by Defendants to testify on the various topics related to the claims presented in this case are all located in Southern California. The executives for Plaintiff, who will likely testify at trial, are already traveling from New York and Florida to litigate this matter and would be required to travel whether the forum for this case is Chicago or San Diego. Thus, this factor weighs in favor of granting the Defendants' motion.

Both parties have also documented hardships that its party's witnesses would endure if the venue remained in Illinois or moved to California. However, the hardships cited by MLR, which include an argument that it is more inconvenient to travel to San Diego than Chicago from Virginia and New York, are unpersuasive. San Diego is not so removed that it is unduly more burdensome to travel there instead of to Chicago. Further, Plaintiff and their attorneys have the ability to litigate in San Diego. Kyocera and Novatel, however, have provided detailed declarations about how defending a lawsuit in Chicago would be burdensome for the operation of their businesses. As such, this factor, on balance, weighs in favor of granting the Defendants' motion.

Regarding the ease of access to other evidence, most evidence for this litigation is likely to be found in Southern California, primarily at the Defendants' principal places of business. This situs of the material events of the instant case is in Southern California. While modern technology has now made it easier and less expensive to transfer information, this factor still weighs in favor of granting Defendants' motion.

The determination that a transfer is in the interest of justice focuses on the efficient administration of the court system, as opposed to the private considerations of the litigants. *Amoco*, 90 F. Supp. 2d at 961. This includes considering: (i) the relative familiarity of the courts with the

5

applicable law, (ii) the relation of the respective forums with the issue in the case, and (iii) the relative congestion of the court dockets. *Amoco*, 90 F. Supp.2d at 961; *Georgouses*, 963 F. Supp. at 730.

Both the Northern District of Illinois and the Southern District of California are familiar with the substantive law. Although Plaintiff argues that the Northern District of Illinois hears substantially more patent, trademark, and copyright cases than the Southern District of California, this does not mean that the Southern District of California would be unable to properly adjudicate the claims set forth in the Amended Complaint. Accordingly, this factor weighs neither in favor of nor against a transfer.

The Southern District of California may have more of an interest in providing a forum for this lawsuit because both of the Defendant corporations are headquartered in California. Although it may be argued that Defendants' products have been sold in Illinois, there is no indication that a disproportionately large amount of those products were sold in this state. Further, Plaintiff has no office or employees in Illinois. Aside from the litigation pursued in this district, Plaintiff appears to conduct no business activities in this state.

The relative congestion of the court dockets should also be considered when weighing a transfer. In 2004, the Southern District of California had 612 filings per judge. In the same year, the Northern District of Illinois had 481 filings per judge. However, the average number of pending cases before each judge in the Southern District of California was 270 while the average number of pending cases before each judge in the Northern District of Illinois was 350 in 2004. Thus, while the Southern District of California has more filings per judge than in the Northen District of Illinois, the actual number of cases pending before each judge is less in the Southern District of California.

6

Although Plaintiff argues that cases take longer from filing to trial in the Southern District of California than in the Northern District of Illinois, the difference cited is negligible. Thus, the relative congestion of the two court dockets weighs neither in favor nor against a transfer.

In sum, the above factors – notably, the situs of material events, convenience of the witnesses, and location of other evidence – weigh in favor of granting Defendants' Motion to Transfer Venue to the Southern District of California. Kyocera and Novatel's Motion for Transfer to the Southern District of California is granted.

Date: *April 6, 2005*

JOHN W. DARRAH
United States District Judge

7

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

MLR, LLC.                                    **JUDGMENT IN A CIVIL CASE**

          v.                                 Case Number: 04 C 7044

Kyocera Wireless Corporation, et. al.

☐     Jury Verdict.  This action came before the Court for a trial by jury.  The issues have been
      tried and the jury rendered its verdict.

■     Decision by Court.  This action came to hearing before the Court.  The issues have
      been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that for the reasons stated in the Court's
4/6/05 memorandum opinion and order, defendants' motion to transfer venue to the Southern
District of California is granted.

Michael W. Dobbins, Clerk of Court

Date: 4/6/2005                    /s/ Melanie A. Foster, Deputy Clerk

58



Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7044 | **DATE** | 4/6/2005 |
| **CASE TITLE** | MLR, LLC. Vs. Kyocera Wireless Corporation, et. al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated in the attached memorandum opinion and order, defendants' motion to transfer venue to the Southern District of California is granted. Enter Memorandum Opinion and Order. The clerk is directed to transfer this case forthwith.

■ [ For further detail see attached order.]

Docketing to mail notices.
*Mail AO 450 form.



| | Courtroom Deputy Initials: | MF |
|---|---|---|
| | | |

56

Case 3:05-cv-00908-AJB Document 1 Filed 05/02/05 PageID.343 ... ILND 04-00729947056-L_2...

AO279, CLOSED, MASON, PROTO

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 2.4 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:04-cv-07044
#### Internal Use Only

MLR LLC v. Kyocera Wireless, et al
Assigned to: Hon. John W. Darrah
Demand: $0
Cause: 28:1338 Patent Infringement

Date Filed: 11/02/2004
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Plaintiff

**MLR LLC**

represented by **Raymond P. Niro**
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street
Suite 4600
Chicago, IL 60602
(312) 236-0733
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raymond Pardo Niro, Jr.**
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street
Suite 4600
Chicago, IL 60602
(312) 236-0733

**William W. Flachsbart**
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street
Suite 4600
Chicago, IL 60602
(312) 236-0733

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By E. A. Vasquez

U. S. DISTRICT COURT
DISTRICT OF ILLINOIS

DATE: 4-25-05

V.

## Defendant

**Kyocera Wireless Corp.**

represented by **Bryce G Chapman**
Hogan & Hartson L.L.P.
500 S. Grand Avenue
Suite 1900
Los Angeles, CA 90071
213-337-6840

**David H Ben-Meir**
Hogan & Hartson, L.L.P.
500 South Grand Avenue
Suite 1900
Los Angeles, CA 90071
(213) 337-6700

**J Pieter Van Es**
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, IL 60606
(312)463-5000
*ATTORNEY TO BE NOTICED*

**Robert J Benson**
Hogan & Hartson LLP
500 South Grand Avenue
Los Angeles, CA 90071
213/337/6700
*ATTORNEY TO BE NOTICED*

**Stuart Lubitz**
Hogan & Hartson, L.L.P.
500 South Grand Avenue
Suite 1900
Los Angeles, CA 90071
(213) 337-6700
*ATTORNEY TO BE NOTICED*

**Wendell Wade Harris**
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, IL 60606
(312)463-5000

**Defendant**

**Curitel Communications Inc**
*TERMINATED: 12/29/2004*

**Defendant**

**Novatel Wireless Inc**                    represented by **Glenn Peter Albert, Jr.**
                                            Foley & Lardner
                                            321 North Clark
                                            Suite 2800
                                            Chicago, IL 60610-4714

                                        (312)832-4500
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Jonathan R Spivey**
                                        Foley & Lardner
                                        321 North Clark
                                        Suite 2800
                                        Chicago, IL 60610-4714
                                        (312)832-4500

                                        **Matthew Eric Martin**
                                        Foley & Lardner
                                        321 North Clark
                                        Suite 2800
                                        Chicago, IL 60610-4714
                                        (312)832-4500

**Defendant**

**Sierra Wireless Inc**

**Counter Claimant**

**Novatel Wireless Inc**


V.

**Counter Defendant**

**MLR LLC**                     represented by **Raymond P. Niro**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Raymond Pardo Niro, Jr.**
                                        (See above for address)

                                        **William W. Flachsbart**
                                        (See above for address)

**Counter Claimant**

**Kyocera Wireless Corp.**      represented by **Bryce G Chapman**
                                        (See above for address)

                                        **David H Ben-Meir**
                                        (See above for address)

                                        **J Pieter Van Es**
                                        (See above for address)

*ATTORNEY TO BE NOTICED*

**Stuart Lubitz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wendell Wade Harris**
(See above for address)

V.

**Counter Defendant**

**MLR LLC**

**Counter Claimant**

**Kyocera Wireless Corp.**

V.

**Counter Defendant**

**MLR LLC**

**Counter Claimant**

**Novatel Wireless Inc**

V.

**Counter Defendant**

**MLR LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2004 | 1 | COMPLAINT; jury demand - Civil cover sheet - Appearance(s) of William W. Flachsbart, Raymond Pardo Niro Jr., Raymond P. Niro as attorney(s) for plaintiff MLR LLC ( three originals and three copies summons(es) issued.) ( Documents: 1-1 through 1-3) (eav) (Entered: 11/03/2004) |
| 11/02/2004 | | RECEIPT regarding payment of filing fee paid; on 11/2/04 in the amount of $ 150.00, receipt # 10325014. (eav) (Entered: 11/03/2004) |
| 11/02/2004 | 2 | LOCAL Rule 3.4 Notice by plaintiff (eav) (Entered: 11/03/2004) |
| 11/03/2004 | | MAILED Patent report to Commissioner of Patents, Washington, D.C. (eav) (Entered: 11/03/2004) |

| 11/17/2004 | 3 | AFFIDAVIT OF PROCESS SERVER of summons as to defendants Kyocera Wireless executed on 11/2/04 and Novatel Wireless Inc executed on 11/3/04 (3-1 through 3-2) (eav) (Entered: 11/18/2004) |
| --- | --- | --- |
| 11/19/2004 | | SCHEDULE set on 11/19/04 by Hon. John W. Darrah : Status hearing set for 1/25/05 at 9:00 a.m. Mailed notice (maf) (Entered: 11/19/2004) |
| 11/22/2004 | 4 | STIPULATION extending the time period which defendant may respond to plaintiff's complaint (eav) (Entered: 11/23/2004) |
| 11/23/2004 | 5 | STIPULATION and (proposed) order for extension of time to respond to plaintiff's complaint (eav) (Entered: 11/29/2004) |
| 11/30/2004 | 6 | MINUTE ORDER of 11/30/04 by Hon. John W. Darrah : Defendants Kyocera Wireless Corporation and Novatel Wireless may have to and including 1/10/05 to answer or otherwise plead to the complaint. Mailed notice (eav) (Entered: 12/01/2004) |
| 12/29/2004 | 7 | NOTICE OF VOLUNTARY DISMISSAL by plaintiff of defendant Curitel Communications, Inc. (air) (Entered: 12/30/2004) |
| 01/04/2005 | 8 | MINUTE ORDER of 1/4/05 by Hon. John W. Darrah : Plaintiff and defendant Curitel Communications, Inc., having filed a notice of voluntary dismissal of the defendant pursuant to settlement, this defendant is hereby dismissed. Mailed notice (gcy) (Entered: 01/05/2005) |
| 01/06/2005 | 9 | STIPULATION extending the time period which defendant Kyocera Wireless Corporation may respond to plaintiff's complaint (cdy) (Entered: 01/07/2005) |
| 01/10/2005 | 10 | ANSWER to complaint [1-1] and COUNTERCLAIM; jury demand by defendant Novatel Wireless Inc against plaintiff MLR LLC; Notice. (vmj) Modified on 01/11/2005 (Entered: 01/11/2005) |
| 01/10/2005 | 11 | ATTORNEY APPEARANCE for defendant Novatel Wireless Inc by Glenn Peter Albert Jr., Jonathan R Spivey, Matthew Eric Martin. (vmj) (Entered: 01/11/2005) |
| 01/12/2005 | 12 | MINUTE ORDER of 1/12/05 by Hon. John W. Darrah : Plaintiff and defendant Kyocera Wireless Corporation hereby stipulate that the defendant may have up to and including 1/20/05 within which to respond to plaintiff's complaint. Mailed notice (eav) (Entered: 01/13/2005) |
| 01/13/2005 | 13 | SUBSTITUTION by defendant Kyocera Wireless of attorney Hogan & Hartson, LLP, instead of Procopio, Cory, Hargreaves & Savitch, LLP (eav) (Entered: 01/14/2005) |
| 01/14/2005 | | MAILED Rule 83.15 and 83.16 letters and appearance form to Stuart Lubitz of Hogan & Hartson (eav) (Entered: 01/14/2005) |
| 01/19/2005 | 14 | MOTION by Defendants Kyocera Wireless Corp., Novatel Wireless Inc to transfer venue (lxs, ) (Entered: 01/20/2005) |

| 01/19/2005 | 15 | NOTICE for presentment of MOTION by Defendants Kyocera Wireless Corp., Novatel Wireless Inc to transfer case 14 before Honorable John W. Darrah on 1/25/2005 at 09:00 AM. (lxs, ) (Entered: 01/20/2005) |
| --- | --- | --- |
| 01/19/2005 | 16 | DECLARATION of Patrick Waters in support of Novatel Wireless, Inc.'s motion to transfer venue 14 (lxs, ) (Entered: 01/20/2005) |
| 01/19/2005 | 17 | DECLARATION of Kathryane Foster in support of Novatel Wireless, Inc.'s motion to transfer venue 14 (lxs, ) (Entered: 01/20/2005) |
| 01/19/2005 | 18 | JOINT BRIEF by Kyocera Wireless Corp., Novatel Wireless Inc, MLR LLC in Support of its motion to transfer venue to the Southern District of California 14 (lxs, ) (Entered: 01/20/2005) |
| 01/19/2005 | 20 | MOTION by Defendant Kyocera Wireless Corp. for admission of counsel pro hac vice. (gma, ) (Entered: 01/26/2005) |
| 01/19/2005 | 21 | NOTICE of MOTION by Defendant Kyocera Wireless Corp. for admission of counsel pro hac vice 20 before Honorable John W. Darrah on 1/25/2005 at 09:00 AM. (gma, ) (Entered: 01/26/2005) |
| 01/19/2005 | 23 | ATTORNEY Appearance for Defendant Kyocera Wireless Corp. by Bryce G Chapman, J Pieter Van Es, David H Ben-Meir, Stuart Lubitz (gma, ) (Entered: 01/26/2005) |
| 01/19/2005 | 24 | ATTORNEY Appearance for Defendant Kyocera Wireless Corp. by Wendell Wade Harris (gma, ) (Entered: 01/26/2005) |
| 01/21/2005 | 19 | ANSWER to Complaint with Jury Demand, COUNTERCLAIM filed by Kyocera Wireless Corp. against MLR LLC. by Kyocera Wireless Corp; Notice of filing(eav, ) (Entered: 01/25/2005) |
| 01/21/2005 | 22 | MINUTE entry before Judge John W. Darrah : Defendant Kyocera's motion for admission of counsel pro hac vice for Stuart Lubitz, Bruce G. Chapman and David H. Ben-Meir are granted 20. Docketing to mail notices. (gma, ) (Entered: 01/26/2005) |
| 01/21/2005 | 25 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Kyocera Wireless Corp., Kyocera Wireless Corp. by David H Ben-Meir; Order entered granting leave by John W. Darrah. Filing fee $ 50 paid, receipt number 10633534 (gma, ) (Entered: 01/26/2005) |
| 01/21/2005 | 26 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Kyocera Wireless Corp., Kyocera Wireless Corp. by Bryce G Chapman; Order entered granting leave by John W. Darrah. Filing fee $ 50 paid, receipt number 10633534 (gma, ) (Entered: 01/26/2005) |
| 01/21/2005 | 27 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Kyocera Wireless Corp., Kyocera Wireless Corp. by Stuart Lubitz; Order entered granting leave by John W. Darrah. Filing fee $ 50 paid, receipt number 10633533 (gma, ) (Entered: 01/26/2005) |

| 01/25/2005 | 🔵28 | MINUTE entry before Judge John W. Darrah : Defendants' joint motion to transfer venue 14 to the Southern District of California is entered and briefed as follows: (brief in support due by 1/28/05), response by 2/18/05, reply by 2/25/05. Status hearing set for 3/30/05 at 9:00 a.m. Rule 26(a)(1) disclosures to be exchanged by 2/8/05. Discovery is stayed until further order to the Court. (eav, ) (Entered: 01/26/2005) |
| --- | --- | --- |
| 01/25/2005 | 🔵29 | DECLARATION of Tom Zeran regarding Kyocera Wireless Corp.'s motion to transfer case 14; Notice of filing (eav, ) (Entered: 01/27/2005) |
| 01/26/2005 | 🔵35 | PROTECTIVE Order; Notice of filing Signed by Judge John W. Darrah on 1/26/2005: (eav, ) (Entered: 02/03/2005) |
| 01/27/2005 | 🔵30 | REPLY by Plaintiff MLR LLC to Kyocer's counterclaim filed on 1/21/05 19 (eav, ) Modified on 1/28/2005 (eav, ). (Entered: 01/28/2005) |
| 01/27/2005 | 🔵31 | REPLY by Plaintiff MLR LLC to Novatel's counterclaims filed on 1/10/05 10 (eav, ) (Entered: 01/28/2005) |
| 01/31/2005 | 🔵32 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Kyocera Wireless Corp. by Robert J Benson; Order entered granting leave by John W. Darrah. Filing fee $ 100 paid, receipt number 10525983; Notice of filing (eav, ) (Entered: 02/03/2005) |
| 01/31/2005 | 🔵33 | ATTORNEY Appearance for Defendant Kyocera Wireless Corp. by Robert J Benson (eav, ) (Entered: 02/03/2005) |
| 02/01/2005 | 🔵34 | MINUTE entry before Judge John W. Darrah : Enter temporary agreed protective between MLR and Novatel Wireless. Docketing to mail notices (eav, ) (Entered: 02/03/2005) |
| 02/02/2005 | 🔵36 | NOTICE of Motion by Raymond Pardo Niro, Jr for presentment of plaintiff's motion for leave to amend complaint before Honorable John W. Darrah on 2/8/2005 at 09:00 AM. (las, ) (Entered: 02/03/2005) |
| 02/02/2005 | 🔵38 | MOTION by Plaintiff MLR LLC for leave to amend complaint 36 (eav, ) (Entered: 02/04/2005) |
| 02/03/2005 | 🔵37 | MINUTE entry before Judge John W. Darrah : Plaintiff's motion for leave to file an amended complaint is granted. Docketing to mail notices (eav, ) (Entered: 02/03/2005) |
| 02/03/2005 | | ***Motions terminated: MOTION by Plaintiff MLR LLC to amend/correct notice of motion 36 38 (eav, ) (Entered: 02/04/2005) |
| 02/03/2005 | 🔵39 | FIRST AMENDED complaint for patent infringement by plaintiff MLR LLC against defendants Kyocera Wireless Corp., Novatel Wireless Inc and Sierra Wireless, Inc(eav, ) (Entered: 02/04/2005) |
| 02/07/2005 | 🔵40 | SUMMONS Issued as to Defendant Sierra Wireless Inc. (mjc, ) (Entered: 02/09/2005) |

| 02/07/2005 | ●41 | FIRST AMENDED complaint by MLR LLC for patent infringement against Kyocera Wireless Corp., Novatel Wireless Inc, Sierra Wireless Inc. Modified on 2/14/2005 (mjc, ). (Entered: 02/09/2005) |
|---|---|---|
| 02/14/2005 | ●42 | Rule 7.1 Disclosure Statement by Kyocera Wireless Corp. (eav, ) (Entered: 02/15/2005) |
| 02/18/2005 | ●43 | MEMORANDMUM by MLR LLC in Opposition to Kyocera and Novatel's joint motion to transfer (eav, ) (Entered: 02/23/2005) |
| 02/24/2005 | ●44 | CORRECTED MEMORANDMUM by MLR LLC in Opposition to Kyocera and Novatel's joint motion to transfer 14; Notice of filing (eav, ) (Entered: 03/01/2005) |
| 02/24/2005 | ●45 | STIPULATION extending the time period which defendants may reply to plaintiff's opposition to defendants' motion to transfer (eav, ) (Entered: 03/01/2005) |
| 03/02/2005 | ●46 | MINUTE entry before Judge John W. Darrah : Status hearing set for 3/30/05 is re-set to 4/7/2005 at 09:00 AM. Mailed notice (maf, ) (Entered: 03/02/2005) |
| 03/04/2005 | ●47 | REPLY by defendants Kyocera Wireless Corp. and Novatel Wireless Inc to MLR's opposition to defendants' joint motion to transfer 14. (mjc, ) (Entered: 03/08/2005) |
| 03/10/2005 | ●48 | CORRECTED REPLY by Defendants Kyocera Wireless Corp., Novatel Wireless Inc to MLR's opposition to defendants' joint motion to transfer 14 (eav, ) (Entered: 03/14/2005) |
| 03/22/2005 | ●49 | ANSWER to first amended complaint and COUNTERCLAIM filed by Kyocera Wireless Corp. against MLR LLC. (eav, ) (Entered: 03/24/2005) |
| 03/22/2005 | ●50 | ANSWER to first amended complaint and counterclaim filed by Novatel Wireless Inc against MLR LLC. (eav, ) (Entered: 03/24/2005) |
| 04/04/2005 | ●51 | MINUTE entry before Judge John W. Darrah : Status hearing set for 4/7/05 is vacated, ruling by mail. Mailed notice (eav, ) (Entered: 04/05/2005) |
| 04/05/2005 | ●55 | NOTICE OF SETTLEMENT Agreement with Novatel and Sierra by MLR LLC (eav, ) (Entered: 04/07/2005) |
| 04/06/2005 | ●52 | MOTION by Novatel Wireless Inc to strike MLR's notice of settlements with Novatel and Sierra. (rbf, ) (Entered: 04/07/2005) |
| 04/06/2005 | ●53 | NOTICE of Motion by Glenn Peter Albert, Jr for presentment of motion to strike MLR's notice of settlements with Novatel and Sierra 52 before Honorable John W. Darrah on 4/12/2005 at 09:00 AM. (rbf, ) (Entered: 04/07/2005) |
| 04/06/2005 | ●54 | APPENDIX of exhibits by Novatel Wireless Inc to their motion to strike MLR's notice of settlements with Novatel and Sierra.(rbf, ) (Entered: 04/07/2005) |

| 04/06/2005 | ⊙56 | MINUTE entry before Judge John W. Darrah : For the reasons stated in the attached memorandum opinion and order, defendants' motion to transfer venue to the Southern District of California <u>14</u> is granted. Enter Memorandum Opinion and Order. The clerk is directed to transfer this case forthwith. Civil case terminated. Mailed notice (cem, ) (Entered: 04/08/2005) |
|---|---|---|
| 04/06/2005 | ⊙57 | MEMORANDUM Opinion and Order Signed by Judge John W. Darrah on 4/6/2005: (cem, ) (Entered: 04/08/2005) |
| 04/06/2005 | ⊙58 | ENTERED JUDGMENT (cem, ) (Entered: 04/08/2005) |
| 04/07/2005 | ⊙59 | NOTICE of Voluntary Dismissal by MLR LLC of Defendant Sierra Wireless, Inc. (eav, ) (Entered: 04/11/2005) |
| 04/07/2005 | ⊙60 | RESPONSE by MLR to Novatel's motion to strike (eav, ) (Entered: 04/11/2005) |
| 04/11/2005 | | MAILED certified copy of Judge Darrah's Order dated 4/6/05 to Commissioner of Patents and Trademarks, Washington, D.C. (eav, ) (Entered: 04/11/2005) |
| 04/11/2005 | | MAILED transmittal letter, certified copy of docket sheet and complete record to Southern District of California via certified mail number 7001 1940 0001 0929 5370 (eav, ) (Entered: 04/11/2005) |
| 04/12/2005 | ⊙61 | MINUTE entry before Judge John W. Darrah : Novatel's motion to strike notice of settlement is denied as moot. No notice (eav, ) (Entered: 04/13/2005) |
| 04/25/2005 | | RE-MAILED transmittal letter, certified copy of docket sheet and complete record to Southern District of California, San Diego via certified mail number 7002 2410 0002 2876 3651. Mailed copy of transmittal letter to counsel of record. (eav, ) (Entered: 04/25/2005) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MLR, LLC,                          )
                                   )
            Plaintiff,             )       Civil Action No. 04C 7044
                                   )
      v.                           )       JUDGE JOHN W DARRAH
                                   )
KYOCERA WIRELESS CORPORATION,      )       MAGISTRATE JUDGE MASON
CURITEL COMMUNICATIONS, INC.,      )
AND NOVATEL WIRELESS, INC.         )       **JURY TRIAL DEMANDED**
                                   )
            Defendants.            )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, MLR, LLC ("MLR"), complains of defendants, Kyocera

Wireless Corporation ("Kyocera"), Curitel Communications, Inc.

("Curitel"), and Novatel Wireless, Inc. ("Novatel"), as follows:

### NATURE OF LAWSUIT

1.   This is a claim for patent infringement arising under the

patent laws of the United States, Title 35 of the United States

Code.   This Court has exclusive jurisdiction over the subject

matter of the Complaint under 28 U.S.C. § 1338(a).

### PARTIES

2.   MLR is a Virginia limited liability company with its

place of business at 24 Laguna Terrace, Palm Beach Gardens, Florida

33418. MLR owns all right, title and interest in and has standing

to sue for infringement of the following United States Patents:

United States Patent No. 5,353,334 ("the '334 Patent"), entitled

"Interface for Connecting Computers To Radio Telephone Networks";

United States Patent No. Re. 37,141 ("the '141 Patent"), entitled

"Cellular Telephone Data Communication System And Method"; United States Patent No. 5,367,563 ("the '563 Patent"), entitled "Programmable Universal Modem System And Method For Using The Same"; United States Patent No. Re. 34,034 ("the '034 Patent"), entitled "Cellular Telephone Data Communication System and Method"; United States Patent No. 5,249,218 ("the '218 Patent") entitled "Programmable Universal Interface System"; United States Patent No. 5,640,444 ("the '444 Patent"), entitled "Methods And Apparatus For Controlling Data Transmission Using Radio Devices"; United States Patent No. 5,854,985 ("the '985 Patent"), entitled "Adaptive Omni-Modal Radio Apparatus And Methods"; United States Patent No. 6,134,453 ("the '453 Patent"), entitled "Adaptive Omni-Modal Radio Apparatus And Methods" (a divisional of the '985 Patent); and United States Patent Re. 38,645 ("the '645 Patent"), entitled "Portable Hybrid Communication System and Methods" (a divisional reissue of the United States Patent 4,972,457) (collectively the "MLR Patents"). Roughly one-half of the entire cellular telephone industry has accepted a license under the MLR Patents.

3. Defendant Kyocera is a Delaware corporation with a principal place of business at 10300 Campus Point Drive, San Diego, California 92121. Kyocera has committed acts of infringement in this judicial district and does regular business in this judicial district, including importing into the United States and selling,

2

directly or indirectly, the cellular telephones and wireless products accused of infringement in this judicial district.

4. Defendant Curitel is a Korean corporation with a principal place of business at San 136-1 Ami-Ri, Boobal-Eup, Ichon, KYO 467701, Republic of Korea. Curitel has committed acts of infringement in this judicial district, including importing into the United States and selling, directly or indirectly, the cellular telephones and wireless products accused of infringement in this judicial district.

5. Defendant Novatel is a Delaware corporation having a principal place of business at 9360 Towne Centre Drive, Ste. 110, San Diego, California 92121. Novatel Wireless has committed acts of infringement in this judicial district and does regular business in this judicial district. Novatel, for example, markets services and products throughout the United States and this judicial district using its website. Novatel also sells its products through vendors and distribution channels with presences in and throughout this judicial district.

### JURISDICTION AND VENUE

6. Each defendant transacts business in this district, including the importation into the United States, sale and/or offer for sale of infringing products in this judicial district and throughout Illinois and the United States.

3

7.    This Court has personal jurisdiction over each defendant by virtue of each defendant's tortious acts of patent infringement, which have been committed in Illinois, and each defendant's transaction of business in Illinois.

8.    MLR was previously engaged in litigation with multiple parties (involving many of the same patents at issue in this case) in District Courts across the country. Pursuant to a hearing before the judicial panel for Multi-District Litigation, an order was entered on July 1, 2003, finding that "the Northern District of Illinois is an appropriate transferee forum for this litigation" and that the "Illinois forum is a central and easily accessible location for all parties." Accordingly, all of the actions were transferred for coordinated or consolidated proceedings in the Northern District of Illinois, before the Honorable Judge Amy J. St. Eve.

9.    Venue is proper in this district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

### DEFENDANTS' ACTS OF PATENT INFRINGEMENT

10.    Kyocera has infringed five of the MLR Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of cellular telephones.   Kyocera has also knowingly and intentionally induced others to infringe (such as its customers and end-users in this judicial district and throughout

4

the United States) by willfully and intentionally aiding, assisting and encouraging their infringement.

11. Specifically, Kyocera's manufacture, use, importation, offer for sale and/or sale of the QCP 6035 cellular telephone, the PDQ-800, or the 7135 Smartphone constitute infringement of at least the following: claim 36 of the '444 Patent; claim 26 of the '141 Patent; claim 1 of the '453 Patent; claim 1 of the '985 Patent; and claim 25 of the '645 Patent.

12. Kyocera's infringement has injured MLR and MLR is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

13. Curitel has infringed five of the MLR Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of cellular telephones. Curitel has also knowingly and intentionally induced others to infringe (such as its customers and end-users in this judicial district and throughout the United States) by willfully and intentionally aiding, assisting and encouraging their infringement.

14. Specifically, Curitel's manufacture, use, importation, offer for sale and/or sale of its own branded cellular "identity" and PG-K6000V cellular telephone as well as the Audiovox CDM series of cellular telephones constitutes an infringement of at least the following: claim 36 of the '444 Patent; claim 1 of the '453 Patent;

5

claim 1 of the '985 Patent; claim 19 of the '334 Patent; and claim 25 of the '645 Patent.

15.    Curitel's infringement has injured MLR and MLR is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

16.    Novatel has infringed four of the MLR patents through, among other activities, its manufacture, sale, offer for sale, use and/or importation into the United States of its wireless modem products.    Novatel has also knowingly and intentionally induced others to infringe (such as its customers and end-users in this judicial district and throughout the United States) by willfully and intentionally aiding, assisting and encouraging their infringement.

17.    Specifically, Novatel's manufacture, use, importation, offer for sale and/or sale of the Novatel Wireless Merlin G301 wireless modem constitutes infringement of at least the following: claim 29 of the '141 Patent; claim 3 of the '334 Patent; claim 25 of the '645 Patent; and claim 36 of the '444 Patent.

18.    Novatel's infringement has injured MLR and MLR is entitled to recover damages adequate to compensate it, but in no event less than a reasonable royalty.

**NOTICE AND WILLFULNESS**

19.    MLR has given each defendant actual and/or constructive notice of each defendant's infringement of the MLR Patents and, in

each instance, has provided detailed claim charts showing why infringement has occurred.    With notice and knowledge of MLR's patents, each defendant has deliberately and willfully infringement the MLR Patents.

20.  Each defendant's infringement has been willful in violation of 35 U.S.C. § 284, ¶ 2, and has injured and will continue to injure MLR, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of cellular telephones and/or wireless products that fall within the scope of any of the MLR Patents.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MLR, asks this Court to enter judgment against each defendant and against their respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    An award of damages adequate to compensate MLR for the infringement that has occurred, together with prejudgment interest from the date infringement of the MLR Patents began;

B.    An award to MLR of all remedies available under 35 U.S.C. § 284;

C.    An award to MLR of all remedies available under 35 U.S.C. § 285;

7

D.    A    permanent    injunction    prohibiting    further infringement, inducement and contributory infringement of the MLR Patents; and,

E.    Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

MLR demands a trial by jury on all issues so triable.

MLR, LLC

Raymond P. Niro
Raymond P. Niro, Jr.
William W. Flachsbart
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

8



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s):** MLR, LLC | **Defendant(s):**Kyocera Wireless Corporation, Curitel Communications, Inc. and Novatel Wireless, Inc. |
| County of Residence: N/A | County of Residence: N/A |
| Plaintiff's Atty: Raymond P. Niro<br>Niro, Scavone, Haller & Niro<br>181 West Madison, Suite 4600,<br>Chicago, IL 60602<br>(312) 236-0733 | Defendant's Atty: |

DOCKETED
NOV 3 - 2004

**04C 7044**

II. Basis of Jurisdiction:          **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties
(Diversity Cases Only)
                 Plaintiff:- **N/A**
                Defendant:- **N/A**

**JUDGE** JOHN W DARRAH

**MAGISTRATE JUDGE MASON**

IV. Origin :          **1. Original Proceeding**

V. Nature of Suit:          **830 Patent**

VI.Cause of Action:          **35 U.S.C. Sec. 1 et seq. (patent infringement)**

VII. Requested in Complaint
                 Class Action:
                 Dollar Demand:
                 Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

FILED-FN
2004 NOV - 2 PM 1: 44
CLERK
U.S. DISTRICT COURT

Signature:  W.W.

Date:  11-2-04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**          Revised: 06/28/00

*1 -2*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

**MLR, LLC**

**v.**                                           **04C  7044**

Case Number:

**Kyocera Wireless Corporation, Curitel Communications, Inc. and**
**Novatel Wireless, Inc.**

JUDGE JOHN W DARRAH

MAGISTRATE JUDGE MASON

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

**MLR, LLC**

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| RAYMOND P. NIRO | | RAYMOND P. NIRO JR. | |
| NIRO, SCAVONE, HALLER & NIRO | | SAME | DOCKETED NOV 3 - 2004 |
| 181 West Madison, Suite 4600 | | STREET ADDRESS | |
| Chicago, Illinois 60602 | | CITY/STATE/ZIP | |
| Phone: (312) 236-0733 | Fax: (312) 236-3137 | TELEPHONE NUMBER | FAX NUMBER |
| Email: swierk@nshn.com | | E-MAIL ADDRESS | |
| I.D. # 2054930 | | I.D.# 06207468 | |
| MEMBER OF TRIAL BAR? YES ■ NO ☐ | | MEMBER OF TRIAL BAR? YES ■ NO ☐ | |
| TRIAL ATTORNEY? YES ■ NO ☐ | | TRIAL ATTORNEY? YES ■ NO ☐ | |
| | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ■ | |
| (C) | | (D) | |
| SIGNATURE | | SIGNATURE | |
| WILLIAM W. FLACHSBART | | | 2004 NOV - 2 FILED-ENA |
| SAME | | | U.S. DISTRICT CLERK |
| STREET ADDRESS | | STREET ADDRESS | PM 1: |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| I.D. # 06237069 | | I.D. # | |
| MEMBER OF TRIAL BAR? YES ■ NO ☐ | | MEMBER OF TRIAL BAR? YES ☐ NO ☐ | |
| TRIAL ATTORNEY? YES ■ NO ☐ | | TRIAL ATTORNEY? YES ☐ NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ■ | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |

1-3

FILED-EDA
2004 NOV -2 PH 1:43
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOC ....
NOV 3 - 2004

MLR, LLC,                                      )
                                               )
                    Plaintiff,                 )
                                               )    Civil Action No.  **04C 7044**
         v.                                    )
                                               )    JURY TRIAL DEMANDED
KYOCERA WIRELESS CORPORATION,                  )
CURITEL COMMUNICATIONS, INC.                   )
and NOVATEL WIRELESS, INC.,                    )    JUDGE JOHN W DARRAH
                                               )
                    Defendants.                )    MAGISTRATE JUDGE MASON

## LOCAL RULE 3.4 NOTICE

Pursuant to Local Rule 3.4, Plaintiff provides the following information to be used by the

Clerk of the Court as required by 15 U.S.C. § 1116(c):

1.      Name and address of Plaintiff: MLR, LLC, 24 Laguna Terrace, Palm Beach Gardens,

Florida 33418.

2.      Names and addresses of Defendants: Kyocera Wireless Corporation, 10300 Campus

Point Drive, San Diego, California 92121; Curitel Communications, Inc., San 136-1 Ami-Ri,

Boobal-Eup, Ichon KYO 467701, Republic of Korea; and Novatel Wireless, Inc., 9360 Towne

Centre Drive, Ste. 110, San Diego, California 92121.

3.      Patents in suit: United States Patent No. 5,353,334, entitled "Interface for Connecting

Computers To Radio Telephone Networks"; United States Patent No. Re. 37,141, entitled "Cellular

Telephone Data Communication System And Method"; United States Patent No. 5,367,563, entitled

"Programmable Universal Modem System And Method For Using The Same"; United States Patent

No. Re. 34,034, entitled "Cellular Telephone Data Communication System and Method"; United

States Patent No. 5,249,218, entitled "Programmable Universal Interface System"; United States

2

Patent No. 5,640,444, entitled "Methods And Apparatus For Controlling Data Transmission Using Radio Devices"; United States Patent No. 5,854,985, entitled "Adaptive Omni-Modal Radio Apparatus And Methods"; United States Patent No. 6,134,453, entitled "Adaptive Omni-Modal Radio Apparatus And Methods" (a divisional of the '985 Patent); and United States Patent Re. 38,645, entitled "Portable Hybrid Communication System and Methods" (a divisional reissue of the United States Patent 4,972,457).

Respectfully submitted

W. W. Jn

Raymond P. Niro
Raymond P. Niro, Jr.
William W. Flachsbart
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

# Affidavit of Process Server

MKR, LLC _____ vs Kyocera Wireless, et al. 04C7044

PLAINTIFF/PETITIONER     DEFENDANT/RESPONDENT     CASE #

Being duly sworn, on my oath, I _I, Andy Harris_
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served _Kyocera Wireless Corp_

with the (documents) ☐ Subpoena with $ _____ witness fee and mileage

NAME OF PERSON/ENTITY BEING SERVED

☒ _Summons And Complaint_

DOCKETED
NOV 18 2004

by serving (NAME) _Becky De George at CSC Lawyers Incorporating Service_

at ☐ Home _____

☒ Business _2730 Gateway Oaks Dr Suite 100 Sacramento, Ca._

☒ on (DATE) _November 3, 2004_ at (TIME) _2:15 pm_

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____

from (CITY) _____ (STATE) _____

**Manner of Service:**

☐ By Personal Service.

☐ By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof,

namely _____

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers,

namely _____

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address     ☐ Evading     ☐ Other: _____
☐ Address Does Not Exist     ☐ Service Cancelled by Litigant
☐ Moved, Left no Forwarding     ☐ Unable to Serve in a Timely Fashion

**Service Attempts:** Service was attempted on: (  ) _____ , (  ) _____
          DATE   TIME       DATE   TIME

(  ) _____ , (  ) _____ , (  ) _____
   DATE   TIME      DATE   TIME      DATE   TIME

**Description:**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blond Hair | | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Mustache | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| ☐ Glasses | ☐ Red Skin | ☐ Red Hair | ☐ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES: _____

State of Illinois     County of Cook

_____
SERVED BY
LASALLE PROCESS SERVERS

Subscribed and sworn to before me,
a notary public, this _4th_ day of _November_ 20_04_

_Jenice Hundley_

NOTARY PUBLIC

JENICE HUNDLEY
COMM. # 1406101
NOTARY PUBLIC • CALIFORNIA
SACRAMENTO COUNTY
Comm. Exp. MARCH 18, 2007

NAPPS

3-1

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS.

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

MLR, LLC

CASE NUMBER: **04C 7044**

V.

ASSIGNED JUDGE: JUDGE JOHN W DARRAH

Kyocera Wireless Corporation, Curitel
Communications, Inc. and Novatel Wireless,
Inc.

DESIGNATED
MAGISTRATE JUDGE: MAGISTRATE JUDGE MASON

TO: (Name and address of Defendant)

Kyocera Wireless Corporation
c/o CSC - Lawyers Incorporating Service, as Registered Agent
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Raymond P. Niro
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK

NOV 0 2 2004

DATE

# Affidavit of Process Server

MLR, LLC

vs Kyocera Wireless, Et al. 04C7044

PLAINTIFF/PETITIONER    DEFENDANT/RESPONDENT    CASE #

Being duly sworn, on my oath, I Louise Dover, Los Angeles County # 4933
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served Novatel Wireless, Inc

NAME OF PERSON/ENTITY BEING SERVED

with the (documents)  ☐ Subpoena with $ _____ witness fee and mileage

DOCKETED

NOV 18 2004

X Summons And Complaint

by serving (NAME) Geome Jones, Process Specialist

at ☐ Home _____

☑ Business CT Corporation, 818 W. 7th Street, 2nd floor, Los Angeles, Ca 90017

☑ on (DATE) 11/3/04 _____ at (TIME) 1:45 pm

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____

from (CITY) _____ (STATE) _____

## Manner of Service:

☐ By Personal Service.

☐ By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof,

namely _____

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers,

namely _____

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

## Non-Service:
After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address      ☐ Evading              ☐ Other: _____
☐ Address Does Not Exist  ☐ Service Cancelled by Litigant
☐ Moved, Left no Forwarding ☐ Unable to Serve in a Timely Fashion

## Service Attempts: Service was attempted on: (

)_____ , ( )_____
                    DATE   TIME              DATE   TIME

( )_____ , ( )_____ , ( )_____
  DATE   TIME              DATE   TIME              DATE   TIME

## Description:

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☑ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☑ Female | ☑ Black Skin | ☐ Brown Hair | ☐ Balding | ☑ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blond Hair | | ☐ 36-50 Yrs. | ☑ 5'4"-5'8" | ☑ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Mustache | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| ☐ Glasses | ☐ Red Skin | ☐ Red Hair | ☐ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES: _____

State of Illinois   County of Cook
California          Los Angeles
Subscribed and sworn to before me,
a notary public, this 4th day of November, 200 4

NOTARY PUBLIC

SERVED BY
LASALLE PROCESS SERVERS

HOPE PECK
Commission # 1494087
Notary Public - California
Los Angeles County
My Comm. Expires Jun 8, 2008

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS.

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

MLR, LLC

V.

Kyocera Wireless Corporation, Curitel
Communications, Inc. and Novatel Wireless,
Inc.

CASE NUMBER: 04C 7044

ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

JUDGE JOHN W DARRAH

MAGISTRATE JUDGE MASON

TO: (Name and address of Defendant)

Novatel Wireless, Inc.
c/o CT Corporation System, as Registered Agent
818 West Seventh Street
Los Angeles, CA 90017

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Raymond P. Niro
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK

NOV 0 2 2004

DATE

NOV 2 3 2004

F I L E D

NOV 2 2 2004   rg

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IS

| | | |
|---|---|---|
| MLR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04C 7044 |
| | ) | |
| KYOCERA WIRELESS CORPORATION, | ) | Judge Darrah |
| CURITEL COMMUNICATIONS, INC., | ) | |
| AND NOVATEL WIRELESS, INC., | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

**STIPULATION EXTENDING THE TIME PERIOD WHICH DEFENDANT MAY
RESPOND TO PLAINTIFF'S COMPLAINT**

The parties in the above-styled action, by and through their respective counsel,

and pursuant to the Federal Rules of Civil Procedure, do hereby agree and stipulate that the time

period in which Defendant, Novatel Wireless, Inc., may serve its answer, plead or otherwise

respond to Plaintiff's complaint shall be extended from November 23, 2004, through and

including January 10, 2005.

Dated: November 19, 2004

By: _____
Raymond P. Niro
Raymond P. Niro, Jr.
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, IL 60602
Telephone: (312) 236-0733

Attorney for Plaintiff MLR, LLC

By: _____
G. Peter Albert, Jr.
Jonathon R. Spivey
Foley & Lardner LLP
321 N. Clark Street
Suite 2800
Chicago, IL 60610
Telephone: (312) 832-4500

Attorney for Defendant Novatel Wireless,
Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that I sent a file-stamped copy of the **Stipulation Extending the Time Period which Defendant May Respond to Plaintiff's Complaint** addressed to the following:

Raymond P. Niro
Raymond P. Niro, Jr.
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, IL 60602

Anthony J. Dain
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street
Suite 2100
San Diego, CA 92101-4469

D. James Pak
Baker & McKenzie, LLP
815 Connecticut Avenue, NW
Washington, D.C. 20006-4078

on this 22nd day of November, 2004, via First Class U.S. Mail.


_Susan T. Golab_
Susan T. Golab

011.1231262.1

NOV 2 9 2004

FILED

NOV 2 2004

JUDGE JOHN W. DARRAH
UNITED STATES DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MLR, LLC | Civil Action No.: 04C 7044 |
| Plaintiff, | The Honorable John W. Darrah |
| v. | Magistrate Judge Michael T. Mason |
| KYOCERA WIRELESS CORPORATION, CURITEL COMMUNICATIONS, INC., AND NOVATEL WIRELESS, INC. | |
| Defendants. | |

## STIPULATION AND [PROPOSED] ORDER FOR EXTENSION

## OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Plaintiff MLR, LLC and Defendant Kyocera Wireless Corporation ("Kyocera") hereby

stipulate that Kyocera may have up to and including January 10, 2005, within which to respond

to Plaintiff's Complaint.

Respectfully submitted,

DATED:     November 23, 2004

Raymond P. Niro
Raymond P. Niro, Jr.
William W. Flachsbart
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Telephone (312) 236-0733
Facsimile (312) 236-3137
Attorneys for Plaintiff,
*MLR, LLC*

DATED:     November 22, 2004

Anthony J. Dain
Frederick K. Taylor
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: (619) 238-1900
Facsimile: (619) 235-0398

Attorneys for Defendant
*Kyocera Wireless Corporation*

109934.000008/502793.01

5

## ORDER

GOOD CAUSE APPEARING:

IT IS HEREBY ORDERED:

Defendant Kyocera may have an extension of time up to and including January 10, 2005,

within which to respond to Plaintiff's Complaint.

Dated: _____, 2004

_____

United States District Court Judge

109934.000008/502793.01

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7044 | **DATE** | 11/30/2004 |
| **CASE TITLE** | MLR vs. Kyocera Wireless Corp., et. al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendants Kyocera Wireless Corporation and Novatel Wireless may have to and including 1/10/05 to answer or otherwise plead to the complaint.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 - 200 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 6 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT

2004 NOV 29 PM 3: 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

DEC 2 9 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| MLR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04 C 7044 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| KYOCERA WIRELESS CORPORATION, | ) | Magistrate Judge Michael T. Mason |
| CURITEL COMMUNICATIONS, INC. | ) | |
| and NOVATEL WIRELESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**

**DEC 3 0 2004**

## NOTICE OF VOLUNTARY DISMISSAL
## OF DEFENDANT CURITEL COMMUNICATIONS, INC.

Pursuant to Rule 41(a), Fed.R.Civ.P., MLR, LLC ("MLR") hereby voluntarily dismisses all

claims made in this action against defendant Curitel Communications, Inc. ("Curitel") only.  No

rights are waived or voluntarily dismissed as to any other defendant.

This voluntary dismissal is made based upon the settlement reached between MLR and

Curitel.

MLR, LLC

Raymond P. Niro
Raymond P. Niro, Jr.
William W. Flachsbart
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT CURITEL COMMUNICATIONS, INC.** was served upon the below listed counsel of record by **facsimile and first class mail** on this _28_ day of December, 2004:

Anthony J. Dain
Frederick K. Taylor
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101-4469
(619) 238-1900
Fax: (619) 235-0398
**Attorneys for Kyocera**

D. James Pak
BAKER & MCKENZIE, LLP
815 Connecticut Avenue, NW
Washington, DC 20006-4078
(202) 452-7000
Fax: (202) 452-7074
**Attorneys for Curitel**

G. Peter Albert, Jr.
Jonathan R. Spivey
FOLEY & LARDNER, LLP
321 North Clark, Suite 2800
Chicago, Illinois 60610
(312) 832-4500
Fax: (312) 832-4700
**Attorneys for Novatel**

Attorneys for MLR

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7044 | **DATE** | 1/4/2005 |
| **CASE TITLE** | MLR, LLC vs. Kyocera Wireless Corp., et. al. | | |

**MOTION:**   [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff and defendant Curitel Communications, Inc., having filed a notice of voluntary dismissal of the defendant pursuant to settlement, this defendant is hereby dismissed.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | **DEC 15 2005** | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| MF | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 0 7 2005

F I L E D

MLR, LLC,                                               )    Civil Action No. 04 C 7044
                                                        )
                    Plaintiff,          JAN - 6 2005    )    The Honorable John W. Darrah
                                                        )    Magistrate Judge Michael T. Mason
         v.                                             )
                              MICHAEL W. DOBBINS        )    STIPULATION EXTENDING THE TIME
KYOCERA WIRELESS CORPORATION, and DISTRICT CO URT       )    PERIOD WHICH DEFENDANT KYOCERA
NOVATEL WIRELESS, INC.                                  )    WIRELESS CORPORATION MAY RESPOND TO
                                                        )    PLAINTIFF'S COMPLAINT
                                                        )
                    Defendants,                         )
                                                        )
_____                     )


## STIPULATION EXTENDING THE TIME PERIOD WHICH DEFENDANT

## KYOCERA WIRELESS CORPORATION MAY RESPOND TO PLAINTIFF'S COMPLAINT


Plaintiff MLR, LLC and Defendant Kyocera Wireless Corporation ("Kyocera") hereby stipulate

that Kyocera may have up to and including January 20, 2005, within which to respond to Plaintiff's

Complaint.   However, the deadlines for submission of the 26(f) report and the hearing on January 25,

2005, will not change.


                                                        Respectfully submitted,


Dated: January 6, 2005                                  Dated: January 5, 2005


Raymond P. Niro                                         Stuart Lubitz
Raymond P. Niro, Jr.                                    HOGAN & HARTSON L.L.P.
William W. Flachsbart                                   500 S. Grand Avenue, Suite 1900
NIRO, SCAVONE, HALLER & NIRO                            Los Angeles, California 90071
181 West Madison Street, Suite 4600                     Telephone:    (213) 337-6840
Chicago, Illinois 60602                                 Facsimile:    (213) 337-6701
Telephone:    (312) 236-0733
Facsimile:    (312) 236-3137                            Attorneys for Defendant
                                                        *Kyocera Wireless Corporation*

Attorneys for Plaintiff
*MLR, LLC*


\\\LA - 88549/0004 - 225882 v1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MLR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04C7044 |
| | ) | |
| KYOCERA WIRELESS CORPORATION | ) | Judge Darrah |
| AND NOVATEL WIRELESS, INC., | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

To:    See Attached Service List

Please take notice that on January 10, 2005, we filed with the United States District Court

for the Northern District of Illinois, **ANSWER AND COUNTERCLAIMS; Jury Trial**

**Demand; and appearances of G. Peter Albert, Jr., Jonathan R. Spivey, and Matthew E.**

**Martin**, copies of which is attached hereto and hereby served upon you.

Dated:  January 10, 2005     JAN 1 1 2005

Respectfully submitted,

By: _____
G. Peter Albert, Jr.
Jonathan R. Spivey
Matthew E. Martin
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, Illinois  60610-4764
Tel:  312.832.4500
Fax:  312.832.4700

Attorneys for Defendant, NOVATEL
WIRELESS, INC.

FILED
JAN 1 0 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

011.1239564.1

## CERTIFICATE OF SERVICE

G. Peter Albert, Jr., an-attorney, hereby certifies that on January 10, 2005, I caused the foregoing **Answer and Counterclaim and Appearance** to be served on the following parties, by first class mail properly addressed to:

Raymond P. Niro, Jr.
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
312.236.0733

Attorney for Plaintiff MLR, LLC

Stuart Lubitz
HOGAN & HARTSON LLP
500 South Grand Avenue, Suite 1900
Los Angeles, California 90071
213.337.6700

Attorneys for Defendant Kyocera Wireless
Corporation

_____
G. Peter Albert, Jr.

011.1239564.1

# UNITED STATES DISTRICT COURT

**FILED**

## FOR THE NORTHERN DISTRICT OF ILLINOIS

JAN 1 0 2005

### EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| MLR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04C7044 |
| | ) | |
| KYOCERA WIRELESS CORPORATION | ) | Judge Darrah |
| AND NOVATEL WIRELESS, INC., | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

## Answer and Counterclaim

Defendant, Novatel Wireless, Inc. ("NWI") responds to the Complaint as follows:

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**ANSWER:**    NWI admits that this purports to be a claim for patent infringement arising under

the patent laws of the United States, Title 35 of the United States Code. NWI also admits that

this Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

Except as expressly admitted, NWI denies all other allegations of this paragraph.

2.      MLR is a Virginia limited liability company with its place business at 24 Laguna Terrace, Palm Beach Gardens, Florida 33418. MLR owns all right, title and interest in and has standing to sue for infringement of the following United States Patents: United States Patent No. 5,353,334 ("the '334 Patent"), entitled "Interface for Connecting Computers TO Radio Telephone Networks"; United States Patent No. Re. 37,141 (the '141 Patent"), entitled "Cellular Telephone Data Communication System and Method"; United States Patent No. 5,367,563 ("the '563 Patent"), entitled "Programmable Universal Modem System and Method for



1

Using The Same"; United States Patent No. Re. 34,034 ("the '034 Patent"), entitled "Cellular Telephone Data Communication System and Method"; United States Patent No. 5,249,218 ("the '218 Patent") entitled "Programmable Universal Interface System"; United States Patent No. 5,640,444 ("the '444 Patent"), entitled "Methods and Apparatus For Controlling Data Transmission Using Radio Devices"; United States Patent No. 5,854,985 ("the '985 Patent"), entitled "Adaptive Omni-Modal Radio Apparatus And Methods"; United States Patent No. 6,134,453 ("the '453 Patent"), entitled "Adaptive Omni-Modal Radio Apparatus And Methods" (a divisional of the '985 Patent); and United States Patent Re. 38,645 ("the '645 Patent"), entitled "Portable Hybrid Communication System and Methods" (a divisional reissue of the United States Patent 4,972,457) (collectively the "MLR Patents").  Roughly one-half of the entire cellular telephone industry has accepted a license under the MLR Patents.

**ANSWER:**   NWI is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 2 and on that basis denies each and every allegation of

paragraph 2.

3.     Defendant Kyocera is a Delaware Corporation with a principal place of business at 10300 Campus Point Drive, San Diego, California 92121.  Kyocera has committed acts of infringement in this judicial district and does regular business in this judicial district, including importing into the United States and Selling, directly or indirectly, the cellular telephones and wireless products accused of infringement in this judicial district.

**ANSWER:**   NWI is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 3 and on that basis denies each and every allegation of

paragraph 3.

4.     Defendant Curitel is a Korean corporation with a principal place of business at San 136-1 Ami-Ri, Boobal-Eup, Ichon, KYO 467701, Republic of Korea.  Curitel has committed acts of infringement in this judicial district, including importing into the United States and selling, directly or indirectly, the cellular telephones and wireless products accused of infringement in this judicial district.

2

**ANSWER:**     NWI is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 4 and on that basis denies each and every allegation of

paragraph 4.

> 5.     Defendant Novatel is a Delaware corporation
> having a principal place of business at 9360 Towne Centre Drive,
> Ste. 110, San Diego, California 92121.  Novatel Wireless has
> committed acts of infringement in this judicial district and does
> regular business in this judicial district.  Novatel, for example,
> markets services and products throughout the United States and
> this judicial district using its website.  Novatel also sells its
> products through vendors and distribution channels with presences
> in and throughout this judicial district.

**ANSWER:**     NWI admits that it is a Delaware corporation with a principal place of business in

San Diego, California, however, NWI's correct current address is 9255 Towne Centre Drive,

Suite 225, San Diego, California 92121.  NWI also admits that it markets its products and

services using its website but denies that it specifically targets this judicial district.  NWI denies

that is has committed acts of infringement in this judicial district or elsewhere.  NWI also denies

the remaining allegations in paragraph 5.

## JURISDICTION AND VENUE

> 6.     Each defendant transacts business in this district,
> including the importation into the United States, sale and/or offer
> for sale of infringing products in this judicial district and
> throughout Illinois and the United States.

**ANSWER:**     NWI denies each and every allegation of paragraph 6 to the extent it is directed to

NWI.  To the extent that the allegations are directed to other defendants, NWI is without

knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 6 and on that basis denies each and every allegation of paragraph 6.

011.1239463.1

7.      This Court has personal jurisdiction over each defendant by virtue of each defendant's tortuous acts of patent infringement, which have been committed in Illinois, and each defendant's transaction of business in Illinois.

**ANSWER:**   NWI denies each and every allegation of paragraph 7 to the extent it is directed to NWI. To the extent that the allegations are directed to other defendants, NWI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies each and every allegation of paragraph 7.

8.      MLR has previously engaged in litigation with multiple parties (involving many of the same patents at issue in this case) in District Courts across the country. Pursuant ot a hearing before the judicial panel for Multi-District Litigation, an order was entered on July 1, 2003, finding that "the Northern District of Illinois is an appropriate transferee forum for this litigation" and that the "Illinois forum is a central and easily accessible location for all parties." Accordingly, all of the actions were transferred for coordinated or consolidated proceeding in the Northern District of Illinois, before the Honorable Judge Amy J. St. Eve.

**ANSWER:**   NWI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies each and every allegation of paragraph 8.

9.      Venue is proper in this district under 28 U.S.C. §§ 1391 (c)-(d) and 1400(b).

**ANSWER:**   NWI admits that venue is proper under the cited statues with respect to NWI but avers that this district is not the most convenient forum and that the action should be transferred to the Southern District of California pursuant to 28 U.S.C. §1404. To the extent the allegations are directed to other defendants, NWI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies the remaining allegations of paragraph 9.

4

10.     Kyocera has infringed five of the MLR Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of cellular telephones. Kyocera has also knowingly and intentionally induced others to infringe (such as its customers and end-users in this judicial district and throughout the United States) by willfully and intentionally aiding, assisting and encouraging their infringement.

**ANSWER:**   NWI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies each and every allegation of paragraph 10.

11.     Specifically, Kyocera's manufacture, use, importation, offer for sale and/or sale of the QCP 6053 cellular telephone, the PDQ-800, or the 7135 Smartphone constitute infringement of at least the following: claim 36 of the '444 Patent; claim 26 of the '141 Patent; claim 1 of the '453 Patent; claim 1 of the '985 Patent; and claim 25 of the '645 Patent.

**ANSWER:**   NWI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies each and every allegation of paragraph 11.

12.     Kyocera's infringement has injured MLR and MLR is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**   NWI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies each and every allegation of paragraph 12.

13.     Curitel has infringed five of the MLR Patents through, among other activities, the manufacture, use, importation, sale and/or offer for sale of cellular telephones. Curitel has also knowingly and intentionally induced others to infringe (such as its customers and end-users in this judicial district and throughout the United States) by willfully and intentionally aiding, assisting and encouraging their infringement.

5

**ANSWER:**    NWI is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 13 and on that basis denies each and every allegation of

paragraph 13.

> 14.    Specifically, Curitel's manufacture, use,
> importation, offer for sale and/or sale of its own branded cellular
> "identity" and PG-K6000V cellular telephone as well as the
> Audiovox CDM series of cellular telephones constitutes an
> infringement of at least the following: claim 36 of the '444 Patent;
> claim 1 of the '453 Patent; claim 1 of the '985 Patent; claim 19 of
> the '334 Patent; and claim 25 of the '645 Patent.

**ANSWER:**    NWI is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 14 and on that basis denies each and every allegation of

paragraph 14.

> 15.    Curitel's infringement has injured MLR and MLR
> is entitled to recover damages adequate to compensate it for such
> infringement, but in no event less than a reasonable royalty.

**ANSWER:**    NWI is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 15 and on that basis denies each and every allegation of

paragraph 15.

> 16.    Novatel has infringed four of the MLR patents
> through, among other activities, its manufacture, sale, offer for
> sale, use and/or importation into the United States of its wireless
> modem products.  Novatel has also knowingly and intentionally
> induced others to infringe (such as its customers and end-users in
> this judicial district and throughout the United States) by willfully
> and intentionally aiding, assisting and encouraging their
> infringement.

**ANSWER:**    NWI denies each and every allegation of paragraph 16.

> 17.    Specifically, Novatel's manufacture, use,
> importation, offer for sale and/or sale of the Novatel Wireless
> Merlin G301 wireless modem constitutes infringement of at least

6

the following: claim 29 of the '141 Patent; claim 3 of the '334 Patent; claim 25 of the '645 Patent; and claim 36 of the '444 Patent.

**ANSWER:**    NWI denies each and every allegation of paragraph 17.

    18.    Novatel's infringement has injured MLR and MLR is entitled to recover damages adequate to compensate it, but in no event less than a reasonable royalty.

**ANSWER:**    NWI denies each and every allegation of paragraph 18.

## NOTICE AND WILLFULNESS

    19.    MLR has given each defendant actual and/or constructive notice of each defendant's infringement of the MLR Patents and, in each instance, has provided detailed claim charts showing why infringement has occurred. With notice and knowledge of MLR's patents, each defendant has deliberately and willfully infringement the MLR Patents.

**ANSWER:**    NWI admits that MLR provided NWI with a claim chart purporting to apply

claims 1, 12, 15, and 26 of the '034 Patent, and claims 26 and 35 of the '141 Patent to "Novatel

Wireless Merlin and Minstrel Modem Products." NWI also admits that MLR provide NWI with

a claim chart purporting to apply claim 48 of "MLR Allowed Application Ser. No. 09/835,464"

to the "Novatel Merlin G301. NWI denies that MLR provided NWI with claims charts for any

of the asserted claims. NWI also denies that the claim charts are accurate or that they

demonstrate infringement on the part of NWI. NWI denies each and ever other allegation of

paragraph 19 to the extent it is directed to NWI. To the extent that the allegations are directed to

other defendants, NWI is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 19 and on that basis denies each and every allegation of

paragraph 19.

    20.    Each defendant's infringement has been willful in violation of 35 U.S.C. §284, ¶ 2, and has injured and will continue to injure MLR, unless and until this Court enters an injuction

7

prohibiting further infringement and, specifically enjoining further manufacture, use, importation, offers for sale and/or sale of cellular telephones and/or wireless products that fall within the scope of any of the MLR patents.

**ANSWER:**   NWI denies each and every allegation of paragraph 20 to the extent it is directed to NWI. To the extent that the allegations are directed to other defendants, NWI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies each and every allegation of paragraph 20.

## PRAYER FOR RELIEF

NWI denies that MLR is entitled to any relief whatsoever from NWI either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, and without admitting any of the allegations of the Complaint other than those specifically admitted herein, NWI asserts the following affirmative defenses. NWI reserves the right to amend its answer with additional affirmative defenses and counterclaims if information obtained through discovery merits such additional defenses or counterclaims.

## FIRST AFFIRMATIVE DEFENSE

21.   On information and belief, the asserted claims of the '141 Patent, the '334 Patent, the '645 Patent, and the '444 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, 112 or 251.

## SECOND AFFIRMATIVE DEFENSE

22.   The accused products of NWI have not infringed and do not infringe the asserted '141, '334, '645 and '444 Patent claims.

8

### THIRD AFFIRMATIVE DEFENSE

23.     On the basis of proceeding in the U.S. Patent and Trademark Office during

prosecution of the applications that matured into the '141 Patent, the '334 Patent, the '645

Patent, and the '444 Patent and in view of the prior art and/or by virtue of cancellations,

amendments, representations, and/or concessions made by or on behalf of the named inventors to

the U.S. Patent and Trademark Office, MLR is estopped from construing the asserted '141, '334,

'645 and '444 Patent claims to cover the products of NWI which MLR accuses of infringement.

### FOURTH AFFIRMATIVE DEFENSE

24.     The accused products of NWI were first manufactured and sold by NWI prior to

the reissue of the '645 Patent, which give NWI intervening rights under 35 U.S.C. § 252.

### DECLARATORY JUDGMENT COUNTERCLAIMS

In addition to its affirmative defenses, NWI further asserts the following counterclaims

against MLR:

25.     This is a counterclaim by NWI pursuant to 28 U.S.C. §§2001-2 for a judicial

determination and declaration that the asserted '141, '334, '645 and '444 Patent claims are each

invalid and/or not infringed by NWI.

26.     This Court has jurisdiction over these claims under 28 U.S.C. §§1331 and

1338(a).  Venue is proper pursuant to 28 U.S.C. § 1391.

27.     A case of actual controversy exists between the parties with respect to the

infringement, validity, scope and enforceability of the asserted '141, '334, '645 and '444 Patent

claims.

28.      The '141, '334, '645 and '444 Patent claims asserted against NWI are invalid, unenforceable and/or void because of failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, inducing but not limited to Sections 101, 102, 103, 112 and/or 251.

29.      MLR is estopped, in view of the prior art and/or by virtue of cancellations, amendment, representations, and/or concessions made to the U.S. Patent and Trademark Office during the pendency of the applications for the '141, '334, '645 and '444 Patents, from construing any asserted claim of those patents to be infringed or to have been infringed by NWI.

30.      The accused products of NWI were first manufactured and sold by NWI prior to the reissue of the '645 Patent, which gives NWI intervening rights under 35 U.S.C. §252.

## DEMAND FOR JURY TRIAL

31.      Pursuant to Fule 38 of the Federal Rules of Civil Procedure, Novatel Wireless, Inc. requests trial by jury on all triable, including without limitation, MLR's claims and NWI's defenses and counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, NWI prays for the following relief:

A.      Dismissal of MLR's Complaint against NWI with prejudice;

B.      A declaration that NWI has not infringed or induced the infringement of the asserted '141, '334, '645 and '444 Patent claims;

10

011.1239463.1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

In the Matter of

MLR, LLP
v.
KYOCERA WIRELESS CORPORATION and NOVATEL
WIRELESS, INC.

Case Number: **04 C 7044**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

NOVATEL WIRELESS, INC.

JAN 1 0 2005

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| SIGNATURE | | | | SIGNATURE | | | |
| NAME G. Peter Albert, Jr. | | | | NAME Jonathan R. Spivey | | | |
| FIRM Foley & Lardner, LLP | | | | FIRM Foley & Lardner, LLP | | | |
| STREET ADDRESS 321 North Clark Street, Suite 2800 | | | | STREET ADDRESS 321 North Clark Street, Suite 2800 | | | |
| CITY/STATE/ZIP Chicago, IL 60610 | | | | CITY/STATE/ZIP Chicago, IL 60610 | | | |
| TELEPHONE NUMBER (312) 832-4500 | | FAX NUMBER (312) 832-4700 | | TELEPHONE NUMBER (312) 832-4500 | | FAX NUMBER (312) 832-4700 | |
| E-MAIL ADDRESS palbert@foley.com | | | | E-MAIL ADDRESS jspivey@foley.com | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6224008 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6282140 | | | |
| MEMBER OF TRIAL BAR? | YES ☑ | NO ☐ | | MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ | |
| TRIAL ATTORNEY? | YES ☑ | NO ☐ | | TRIAL ATTORNEY? | YES ☐ | NO ☑ | |
| | | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☑ | |
| (C) | | | | (D) | | | |
| SIGNATURE | | | | SIGNATURE | | | |
| NAME Matthew E. Martin | | | | NAME | | | |
| FIRM Foley & Lardner, LLP | | | | FIRM | | | |
| STREET ADDRESS 321 North Clark Street, Suite 2800 | | | | STREET ADDRESS | | | |
| CITY/STATE/ZIP Chicago, IL 60610 | | | | CITY/STATE/ZIP | | | |
| TELEPHONE NUMBER (312) 832-4500 | | FAX NUMBER (312) 832-4700 | | TELEPHONE NUMBER | | FAX NUMBER | |
| E-MAIL ADDRESS memartin@foley.com | | | | E-MAIL ADDRESS | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6279265 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ | | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | YES ☐ | NO ☑ | | TRIAL ATTORNEY? | YES ☐ | NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☑ | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | |

FILED

JAN 1 0 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7044 | **DATE** | 1/12/2005 |
| **CASE TITLE** | MLR vs. Kyocera Wireless Corp., et. al. | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐   Filed motion of [ use listing in "Motion" box above.]

(2)  ☐   Brief in support of motion due _____.

(3)  ☐   Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐   Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐   Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐   Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐   Trial[set for/re-set for] on _____ at _____.

(8)  ☐   [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐   This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)  ■   [Other docket entry]   Plaintiff and defendant Kyocera Wireless Corporation hereby stipulate that the defendant may have up to and including 1/20/05 within which to respond to plaintiff's complaint.

(11)  ☐   [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JAN 13 2005 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | docketing deputy initials | | 12 |
| | Copy to judge/magistrate judge. | | | | |
| MF | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

DOCKETED

JAN 1 4 2005

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | |
|---|---|
| MLR, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>KYOCERA WIRELESS CORP, et al.,<br><br>           Defendants. | Case No. 04 CV 7044 JWD (MTM)<br><br>**SUBSTITUTION OF ATTORNEY**<br><br>Judge:    John W. Darrah<br>Complaint Filed: November 2, 2004 |

Defendant KYOCERA WIRELESS CORP. ("Kyocera") hereby substitutes HOGAN & HARTSON, LLP as their new counsel of record in the above-entitled action in place and stead of PROCOPIO, CORY, HARGREAVES, & SAVITCH, LLP.

The new address of record is 500 S. Grand Avenue, Suite 1900, Los Angeles, CA 90071.

KYOCERA WIRELESS CORP.

Dated: January 4, 2005      By: _____

                                  Mark Snyder, Esq.

                                  Its Lead Intellectual Property Counsel

/ / /

/ / /

109934.000008/507577.01

1         Consent to the above substitution is hereby given.

2

3   Dated: January _____, 2005   PROCOPIO, CORY, HARGREAVES
                                 & SAVITCH, LLP

4

5                                 By: _____

6                                     Anthony J. Dain, Esq.
                                  PROCOPIO, CORY, HARGREAVES

7                                      & SAVITCH LLP
                                  530 B Street, Suite 2100

8                                     San Diego, California 92101
                                  Telephone:    (619) 238-1900
                                  Facsimile:    (619) 235-0398

9

10                                    Attorneys for KYOCERA WIRELESS CORP.

11

12        The above substitution is hereby accepted.

13  Dated: January _10_, 2005   HOGAN & HARTSON, LLP

14

15                                By: _____

16                                      Stuart Lubitz, Esq.
                                  HOGAN & HARTSON LLP

17                                      Biltmore Tower
                                  500 S. Grand Avenue, Suite 1900

18                                      Los Angeles, CA 90071
                                  Telephone:    (213) 337-6840
                                  Facsimile:    (213) 337-6701

19

20                                    Attorneys for KYOCERA WIRELESS CORP.

21

22

23

24

25

26

27

28

-2-

109934.000008/507577.01

1    Consent to the above substitution is hereby given.

2

3    Dated: January _____, 2005    PROCOPIO, CORY, HARGREAVES
                                    & SAVITCH LLP
4

5                                   By: _____
                                        Anthony J. Dain, Esq.
6                                       PROCOPIO, CORY, HARGREAVES
                                         & SAVITCH LLP
7                                       530 B Street, Suite 2100
                                        San Diego, California 92101
8                                       Telephone:    (619) 238-1900
                                        Facsimile:    (619) 235-0398
9
                                        Attorneys for KYOCERA WIRELESS CORP.
10

11

12        The above substitution is hereby accepted.

13   Dated: January _____, 2005    HOGAN & HARTSON, LLP

14

15                                  By: _____
                                        Stuart Lubitz, Esq.
16                                      HOGAN & HARTSON LLP
                                        Biltmore Tower
17                                      500 S. Grand Avenue, Suite 1900
                                        Los Angeles, CA 90071
18                                      Telephone:    (213) 337-6840
                                        Facsimile:    (213) 337-6701
19
                                        Attorneys for KYOCERA WIRELESS CORP.
20

21

22

23

24

25

26

27

28

-2-

109934.000008/507577.01

**MLR, LLC v. Kyocera Wireless Corp., et al.**
U.S. District Court, Northern District of Illinois, Eastern Division
Civil Action No. 04 CV 7044 JWD (MTM)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101. On January 12, 2005, I served the within documents:

## SUBSTITUTION OF ATTORNEY

☐   by transmitting via facsimile number (619) 235-0398 the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmission confirmation report is attached hereto.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

by placing the document(s) listed above in a sealed Federal Express envelope and depositing it in the Federal Express box addressed as set forth below. I am readily familiar with the practice of this firm for collection and processing of correspondence for mailing by Federal Express. Pursuant to this practice, correspondence would be deposited in the Federal Express box located at 530 "B" Street, San Diego, California 92101 in the ordinary course of business on the date of this declaration.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Raymond P. Niro, Jr., Esq. | Stuart Lubitz, Esq. |
| Paul K. Vickrey, Esq. | HOGAN & HARTSON LLP |
| Niro, Scavone, Haller & Niro | Biltmore Tower |
| 181 W. Madison St., Suite 4600 | 500 South Grand Avenue, Suite 1900 |
| Chicago, IL 60602 | Los Angeles, CA 90071 |
| Telephone: (312) 236-0733 | Telephone: (213) 337-6840 |
| Facsimile: (312) 236-3137 | Facsimile: (213) 337-6701 |
| Attorneys for MLR, LLC | |

☒   *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 12, 2005, at San Diego, California.

Chela Madere

-1-

109934.000008/340907.01

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

May 4, 2005

Raymond P. Niro
Niro Scavone et al
181 W. Madison St., Ste 4600
Chicago, IL 60602

Robert Benson
Hogan & Hartson
500 S. Grand Ave.
Los Angeles, CA 90071

Glenn Peter Albert, Jr.
Foley & Lardner
321 N. Clark, Ste. 2800
Chicago, IL 60610-4714

RE: MLR LLC vs. Kyocera Wireless, et al

You are hereby notified that the above entitled case was on 05/02/05 transferred from
the USDC, North Dist of Illinois to the U.S. District Court, Southern District of
California. The case will now contain the case number of the Southern District, and
the initial of the assigned Judge. The case has been assigned to the Honorable
Napoleon Jones, and on all future filings please show the case number as 05cv0935.

W. Samuel Hamrick, Jr.
Clerk of Court

By: _____
Samuel Day, Deputy Clerk



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

**MICHAEL W. DOBBINS**
**CLERK**

**April 25, 2005**

Clerk
United States District Court
880 Front Street, Suite 4290
San Diego, California 92101-8900

Re:    MLR LLC -vs- Kyocera Wireless Corp., et al

USDC No:  04 C 7044

CERTIFIED MAIL NO.: 7002 2410 0002 2876 3651

Dear Clerk:

Enclosed is the certified record which is being transferred to your court pursuant to an order entered by the Honorable John W. Darrah    on   April 6, 2005.  Enclosed is a certified copy of the transfer order and docket sheet.

As of  January 18, 2005 for civil and criminal cases, our court uses electronic case filing.  You may access our electronic case file and print copies of electronically filed documents by following the procedures on the attached Instruction Sheet.  You will need Adobe Acrobat reader loaded on your computer in order to view the documents. If you are an electronic court, you may upload the documents.  All documents filed prior to electronic filing are included in this transfer package.   (January 18, 2005 for civil and criminal cases)

Please **DO NOT MAKE THE ENCLOSED INSTRUCTION SHEET A PART OF THE OFFICIAL RECORD** as it contains your login and password to our system.  This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system.

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely yours,

Michael W. Dobbins, Clerk


By:    E. Vasquez
         Deputy Clerk

Enclosures


New Case No. _____          Date _____

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED

MAY 2 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MLR LLC | Kyocera Wireless Corp. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cook <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Los Angeles <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Raymond P. Niro <br> 181 West Madison Street, Suite 4600 <br> Chicago, IL 60602 <br> (312) 236-0733 | Bryce Chapman, Hogan & Hartson L.L.P. <br> 500 S. Grand Avenue, Suite 1900 <br> Los Angeles, CA <br> (213) 337-6840 |

'05 CV 0935 J   (AJB)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 USC 1338

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☒ 5 Transferred from another district (specify) Northern District  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $  of Illinois | Check YES only if demanded in complaint: <br> JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE _____   Docket Number _____

DATE   May 2, 2005